**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Darcel Piporo,                                   :         Case No. 5:10-CV-02695

                Plaintiff,              :

        v.                                      :         **MAGISTRATE'S REPORT
                                                          AND RECOMMENDATION**

Commissioner of Social Security,                 :

                Defendant.              :

      After this case was remanded to the Commissioner of Social Security on joint stipulation of

the parties, United States District Court Judge Lesley Wells referred the Motion for Attorney Fees

to the undersigned Magistrate Judge for report and recommendation.  Pending is Plaintiff's Motion

for Attorney Fees and Expenses which is supplemented by counsel's Affidavit, an itemization of

time expended and an excerpt from the Consumer Price Index (CPI) (Docket Nos. 22 and

Attachments 1, 2 and 3), Defendant's Response (Docket No. 24) and Plaintiff's Reply (Docket No.

27).  Plaintiff was granted leave to supplement the record with the ECONOMICS OF LAW PRACTICE

in Ohio and an Affidavit of Sabrina Veal (Docket No. 28).  For the reasons set forth below, the

Magistrate recommends that the Court grant Plaintiff's Motion for Attorney Fees and Expenses.

## I.  PROCEDURAL BACKGROUND

On December 13, 2005, Plaintiff filed applications for Title II Disability Insurance Benefits and Title XVI Social Security Insurance benefits alleging that she became unable to work because of her disabling condition on December 18, 2003 (Docket No. 15, TR. 62).  Plaintiff's applications were denied initially and upon reconsideration (Docket No. 15, TR. 55, 59).  Plaintiff requested a hearing before an Administrative Law Judge (ALJ) which took place on September 10, 2008 with Plaintiff represented by her attorney, Chad Delesek, and Vocational Expert (VE) Kevin Zi Yi appeared and testified. (Docket No. 15, TR. 15, 42).

The ALJ rendered an unfavorable decision on December 10, 2008 (Docket No. 15, TR. 32). On September 24, 2010, the Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision of the Commissioner of Social Security in this case (Docket No. 15, TR. 3).

Plaintiff filed a Complaint on November 29, 2010 in the United States District Court (Docket No. 1).  On October 18, 2011, Judge Wells ordered a remand on joint stipulation to the Commissioner for consideration of new evidence and re-evaluation of the medical evidence of record under sentence four of 42 U. S. C. § 405(g) (Docket No. 21).  Plaintiff's Motion for Attorney Fees was filed pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412 (West 2012).

## II.  EAJA STANDARD FOR AWARDING FEES

A court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her

2

official capacity in any court having jurisdiction of such action.  *Butler v. Commissioner of United States,* 2010 WL 6560747, *1 (N. D. Ohio 2010).  The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under common law or under the terms of any statute which specifically provides for such an award.  *Id.* (*citing* 28 U.S.C. § 2412(b)).

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that [1.] the party is a prevailing party… [2. the party] is eligible to receive an award under this subsection… [3. the position of the United States was not substantially justified and 4. the] itemized statement from any attorney or witness representing or appearing in behalf of the party states the actual time expended and the rate at which fees and other expenses were computed.  *Id.* (*citing* 28 U. S. C. § 2412(d)(1)(B)).

Whether the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.  *Id.*  "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Id.* (*citing Hensley v. Eckerhart*, 103 S. Ct. 1933, 1941 (1983)).

### III.  ANALYSIS

Plaintiff seeks an award of attorney fees totaling $5,291.14 and expenses of $370.  Defendant does not object to the Court ordering an award to Plaintiff for attorney fees or expenses.  However, Defendant suggests that the rate at which Plaintiff seeks to be compensated is excessive and she has not demonstrated entitlement to a fee enhancement (Docket No. 24).

A.     **PREVAILING PARTY.**

"A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C.A. § 405(g), is a prevailing party for purposes of the EAJA." *Olive v. Commissioner of Social Security*, 534 F. Supp. 2d 756, 758 (N. D. Ohio 2008) (*citing Shalada v. Schaefer*, 113 S. Ct. 2625 (1993)).

In the present case, Plaintiff and Defendant jointly stipulated to remand the case pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff is a prevailing party.

B.     **ELIGIBLE TO RECEIVE AN AWARD**.

The second element requires the party be eligible to receive the award. 28 U.S.C. § 2412(d)(1)(B) (West 2010). The statute qualifies the meaning of eligible party to mean "an individual whose net worth did not exceed $2,000,000.00 at the time the civil action was filed...." 28 U.S.C. § 2412 (d)(2)(B) (West 2010).

Plaintiff does not state her exact net worth, but her attorney stipulates it is below $2,000,000.00 (Docket No. 22). It was confirmed that Plaintiff worked in the capacity of a retail sales person, basket assembler, postal carrier and candy maker (Docket No. 15). Given these circumstances, it is improbable that Plaintiff's net worth exceeded $2,000,000.00. Defendant does not comment on the net worth of Plaintiff. The Magistrate concludes that Plaintiff is eligible for the award.

C.     **SUBSTANTIAL JUSTIFICATION**.

Unless the government can meet its burden of showing the position of the United States was substantially justified or special circumstances make an award unjust, a plaintiff is presumptively entitled to attorney's fees. *Id.* at 758. The government's position is substantially justified if it is

4

"'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." *Id.* (*citing Pierce v. Underwood*, 108 S. Ct. 2541, 2550 (1988)). The government's position can be justified although it is not correct and it can be substantially justified if a reasonable person could think that it is correct. *Id.* (*citing Pierce*, 108 S. Ct. at 2550).

Defendant stipulated to the remand so that the Commissioner could re-evaluate the medical evidence and completed the analysis of whether Plaintiff's impairments met or equaled 1.04 of the Listing (Docket No. 20). Defendant does not argue that his position was substantially justified.

**D.    COMPENSABLE HOURS**.

The burden of proving that the number of hours for which compensation is sought was reasonably expended is on the party seeking an award of attorney's fees. *Ink v. Commissioner*, 2010 WL 1957462, *3 (N. D. Ohio 2010) (*citing Haiges v. Commissioner of Social Security*, 2008 WL 5412898, *4 (S. D. Ohio 2008) (*citing Copeland v. Marshall*, 641 F.2d 880, 937 (6th Cir. 1980); *see also Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)). Counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant or otherwise unnecessary from the fee request. *Id.* "Hours may be cut for duplication, padding or frivolous claims." *Id.* at *3 (*citing Holden v. Bowen*, 668 F. Supp. 1042 (N. D. Ohio 1986)). The court must identify those hours, beyond the allowances for duplicative services, and articulate the reasons for their elimination from hours of service adequately documented. *Id.* Under EAJA, "an award of fees for preparation of the fee application is compensable." *Id.* at *3 (*citing Seymore v. Secretary of Health & Human Services*, 738 F. Supp. 235 (N. D. Ohio 1990)).

Upon review of the itemized statement of services performed by Plaintiff's counsel, the request for fees is adequately documented. Defendant does not object to the request for fee

5

enhancement based on the number of hours spent on providing legal counsel.  Counsel expended 30.4 hours in her representation of Plaintiff.  She made a good faith effort to be clear and succinct in her pleadings.  There is neither padding nor the assertion of frivolous claims.  There are no excessive, redundant or unnecessary hours included in the schedule of services.  The Magistrate finds that the compensable hours in this case total 30.4.

**E.      HOURLY RATES.**

Under 28 U.S.C.A. § 2412(d)(2)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.  It is well established in the Sixth Circuit that the EAJA allows for a cost-of-living adjustment.  *Begley v. Secretary of Health & Human Services*, 966 F.2d 196, 199 (6th Cir. 1992).  The decision whether the increase requested justifies a fee in excess of the $125 statutory rate is left to the district court's discretion.  *Id*.

Plaintiff's counsel seeks an enhanced hourly rate according to the cost of living increase noted in the CPI.  In support of her argument, Plaintiff's counsel averred that she is a qualified attorney in the Cleveland/Akron market who focuses exclusively on social security cases.  For the past 33 years, counsel has represented social security claimants and social security disability has been her primary area of practice since approximately 1994 (Docket No. 22, Attachment 1).  Counsel's hourly rate in 2010 was $350 (Docket No. 28, Attachment 2, ¶ 5).  Counsel has the specialized skill and experience that is needed to represent plaintiffs who have applied for social security benefits.  Plaintiff's case presented its own complexities in the volumes of medical records

that had to be reviewed before articulating the issues. Although counsel had distinctive knowledge and familiarity with the statutory scheme, the review of such extensive medical records placed additional burdens on her time. She was successful in receiving some benefit on the merits of Plaintiff's claims. The Magistrate is persuaded that counsel's skill level could not be obtained at the statutory level of $125 and special factors warrant a fee enhancement above the statutory level of $125.

To assist in clarifying the level of fee enhancement, the Magistrate refers to the United States Department of Labor Bureau of Labor Statistics CPI for all urban consumers in the Cleveland/Akron, Ohio area and THE ECONOMICS OF LAW PRACTICE IN OHIO, an Ohio State Bar Association's desktop reference for 2010 (Docket No. 28, Attachment 1; www.bls.gov/ro5/cpiclevhistorical.pdf). The effective date of statutory rate of $125.00 is March 1996. The Cleveland/Akron, Ohio CPI accessed in March 1996 was 150.9. When the Complaint was filed in November 2010, the CPI for all urban wage earners in Cleveland/Akron, Ohio increased to an index level of 206.168. The increase in the CPI was a factor of 1.3662557 (206.168 ÷ 150.9). Multiplying this factor by the statutory hourly rate of $125.00, the result is $170.78 per hour. Plaintiff's counsel expended 5.2 hours in 2010. The Magistrate finds that the total fee of $888.05 is an accurate and appropriate amount of fees for work completed in 2010.

The CPI for all urban wage earners in Cleveland/Akron, Ohio in November of 2011 was 211.225. www.bls.gov/ro5/cpiclevhistorical.pdf. The increase in the CPI was a factor of 1.399768 in 2011 (211.225 ÷ 150.9). Multiplying this factor by the hourly rate of $125.00, the result is $174.97 per hour. Plaintiff's counsel expended 23.2 hours in 2011. The Magistrate finds that the total fee of $4,059.30 is an accurate and appropriate amount of fees for work completed in 2011.

The CPI for all urban wage earners in Cleveland/Akron, Ohio in January of 2012 was 211.985.  www.bls.gov/ro5/cpiclevhistorical.pdf.  The increase in the CPI was a factor of 1.4048045 in 2012 (211.985 ÷ 150.9).  Multiplying this factor by the hourly rate of $125.00, the result is $175 per hour.  Plaintiff's counsel expended 2.0 hours in 2012.  The Magistrate finds that the total fee of $350 is an accurate and appropriate amount of fees for work completed in 2012.

In summary, the Magistrate finds that an increase in the cost of living justifies payment of a higher attorney fees in this case.  Plaintiff has established entitlement to an award of fees that total $5,297.36.

**F.      COSTS.**

The prevailing party in any civil action brought against the United States or any agency may be awarded a judgment for costs, as enumerated in 28 U.S.C. § 1920.  28 U.S.C. § 2412(a)(1) (West 2012).  A judgment for costs, when awarded in favor of the United States, may include an amount equal to the filing fee prescribed under 28 U. S. C. § 1914(a).  28 U. S. C. § 2412(a)(2) (West 2012).

Plaintiff's counsel requests reimbursement of filing fees totaling $350 and costs of mailing in  the amount of $20.  The Magistrate finds Plaintiff's request well taken and awards $370 as costs pursuant to 28 U.S.C. § 2412(a).

**G.      TOTAL AWARD.**

The Supreme Court has determined that within the meaning of EAJA in a social security benefits case, an award of attorney fees is payable to the prevailing party, not his or her attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2527 (2010).  In the present case, Plaintiff is entitled to an award of attorney fees in the amount of $5,297.56 and costs in the amount of $370.

**IV.  CONCLUSION**

For these reasons, the Magistrate recommends that the Court grant the Motion for Attorney fees and terminate the referral to the undersigned Magistrate.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date:   July 3,  2012

## V. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.

9