IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
                                                             : CASE NO.  5:10 CV 02695
DARCEL PIPORO,                              :
                                                             :
                                        Plaintiff, : <u>MEMORANDUM AND ORDER</u>
                                                             : <u>ADOPTING IN PART AND REJECTING</u>
                        -vs-                             : <u>IN PART THE MAGISTRATE JUDGE'S</u>
                                                             : <u>REPORT AND RECOMMENDATION</u>
                                                             : <u>AND GRANTING IN PART AND</u>
COMMISSIONER OF SOCIAL          : <u>DENYING IN PART THE PLAINTIFF'S</u>
SECURITY,                                                   : <u>MOTION FOR ATTORNEY FEES AND</u>
                                                              : <u>COSTS</u>
                                        Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

       This matter comes before the Court on the defendant Commissioner of Social Security's ("the Commissioner") objection to the Magistrate Judge's recommendation that the plaintiff be awarded $5,297.56 in attorney fees and $370 in costs. (Docs. 30, 32). The Commissioner does not dispute that a fee award is appropriate in this instance but contends that the Magistrate Judge erred by concluding that the plaintiff is entitled to an hourly rate in excess of the statutory cap set forth in the Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA"). (Doc. 32). The plaintiff has responded in opposition, arguing that the upward departure is correct. (Doc. 34). On 10 May 2013, the plaintiff filed an unopposed motion for leave to supplement her response to the defendant's objections.

       The motion for leave to supplement is denied because the plaintiff has not established good cause for failing to include the supplemental materials in her original

filing. For the reasons stated below, the Commissioner's objection to the Magistrate Judge's report and recommendation is well-taken. Insofar as the Magistrate Judge recommended fee rates in excess of the statutory cap, the recommendation is rejected. The report and recommendation is otherwise adopted.

## I. Background

The plaintiff filed this Social Security disability appeal on 29 November 2010. (Doc. 1). Following a stipulated sentence four remand, the plaintiff filed the instant motion for attorney fees and costs pursuant to the EAJA. (Doc. 22). The plaintiff seeks attorney fees totaling $5,291.14 and costs totaling $370. (Docs. 22, 26). The requested attorney fees are based on 5.2 billable hours for the year 2010 at an enhanced rate of $169.45; 23.2 billable hours in 2011 at an enhanced rate of $175.00; and 2.0 hours in 2012 at an enhanced rate of $175.00. (Doc. 22-1). The Commissioner filed a brief in opposition, arguing that the plaintiff failed to adequately support her request for enhanced rates. (Doc. 24). On 27 June 2012, the Magistrate Judge issued an R&R with the following recommendations: that the plaintiff should be compensated for 30.4 billable attorney hours; that hourly rates in excess of the statutory cap are warranted; and that the plaintiff should be awarded $5,297.56 in attorney fees and $370 in costs. (Doc. 30). The Commissioner now objects to the recommendation that the plaintiff is entitled to an enhanced hourly rate in excess of the EAJA's $125 statutory cap. (Doc. 32).

## II. Discussion

This Court makes "a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991).

The EAJA provides for payment of attorney fees to the prevailing party in an action against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA sets a $125 statutory cap on the hourly rates that the prevailing party may be reimbursed. 28 U.S.C. § 2412(d)(2)(A). An award in excess of the cap must be justified by "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412. It is within the Court's discretion to award EAJA fees at a rate greater than the statutory rate. See Begley v. Sec'y of Health & Human Servs., 966 F.2d 196, 198 (6th Cir.1992).

It is the fee applicant's burden to produce appropriate evidence to support a cost of living increase. Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009) (citing Blum v. Stenson, 465 U.S. 886, 898 (1984)). It is not sufficient for a fee applicant seeking a cost of living increase to simply provide the Department of Labor's Consumer Price Index. Id. at 450. Rather, the applicant must offer enough evidence for the Court to determine "the prevailing market rate for attorneys' services of the kind and quality rendered in [the particular] case." Begley, 966 F.2d at 200. Based on the appropriate

3

evidence, the Court "consider[s] and determine[s], as an exercise of its discretion, whether increases in the cost of living justify an award in excess of [the statutory cap]." Id. The Sixth Circuit has stressed that the EAJA's statutory rate "is a ceiling and not a floor," and that the district court should "carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." Id. at 199, 200.

In this instance, there is no dispute that the plaintiff is a prevailing party entitled to a fee award. The only question is whether the plaintiff met her burden show that increases to the cost of living justify an enhanced fee. The plaintiff submitted the following evidence in support of her claim: (1) The Department of Labor's Consumer Price Index showing an increase to the cost of living by a factor of approximately 1.4 since 29 March 1996, the date when the current statutory cap became effective; (2) an Ohio State Bar Association survey ("OSBA Survey") indicating that mean hourly billing rates for Downtown Cleveland, Suburban Cleveland, and Greater Cleveland are $275.00, $213.00, and $239.00, respectively; (3) an affidavit indicating that plaintiff's counsel has been a social security practitioner for 18 years; (4) an affidavit showing that counsel's customary rate has been between $350.00 and $385.00 since 2010. The Magistrate Judge concluded that this evidence was sufficient to justify hourly rates in excess of the cap.

The Commissioner filed an objection on the ground that none of the plaintiff's evidence offers any insight into the prevailing market rate for social security practitioners in particular, pursuant to the standards set forth in Begley and Bryant, making an enhanced award improper. The Court agrees. Under the EAJA, fee applicants must produce appropriate evidence "that the requested rates are in line with

4

those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Bryant, 578 F.3d at 450. In this instance, plaintiff's counsel is a Cleveland area social security practitioner of eighteen years requesting an hourly rate of approximately $170. None of the evidence noted above addresses the question whether the rates that counsel requests are "in line" with the prevailing rates of similar practitioners.

First, the Consumer Price Index data provided by the plaintiff is not enough to justify a cost of living increase pursuant to Bryant. Id. at 450. Although the plaintiff offers additional evidence, it misses the mark. The OSBA survey data cited by the plaintiff is insufficient because it relates to the average rates of all Cleveland attorneys, without reference to "indices as to kind or quality of services rendered." See Keyes v. Astrue, 1:11-CV-0312, 2012 WL 2498892, at *3 (N.D. Ohio 27 June 2012) (Gwin, J.) (rejecting the OSBA survey data as insufficient); Jones v. Comm'r of Soc. Sec., 1:10 CV 2568 (N.D. Ohio 11 September 2012) (Nugent, J.) (same); see also Taylor v. Astrue, 1:12 CV 293, 2012 WL 5465989 (N.D. Ohio 8 Nov. 2012) (Gaughan, J.) (rejecting a similar survey because rate data were "not specific to attorneys practicing in the social security field."). Counsel's affidavits setting forth her years of experience and her customary fee are insufficient because they are not evidence of the prevailing rates of comparable attorneys in her field.

Further, the outcome in this instance would be no different even if the plaintiff were granted leave to supplement the record, because the plaintiff's proposed supplemental materials also fail to meet the applicable standard. The Producer Price Index establishes that the legal services industry has been affected by inflation in

5

general, but it does not address the prevailing rates of social security practitioners in particular. The affidavit of attorney Louise Mosher, another experienced Cleveland area social security practitioner, indicates that her customary rate exceeds the requested rates of plaintiff's counsel. But, it falls short because it provides no evidence that either Ms. Mosher's customary rate or plaintiff's counsel's requested rate is "in line" with the prevailing rate. As a consequence, even if these materials were made part of the record, they would not justify an hourly rate in excess of the statutory cap.

In sum, the plaintiff has not demonstrated that counsel's requested rates are consistent with those prevailing among similar attorneys in the community. Nor has the plaintiff cited any other evidence or any special factor that would justify an upward departure from the statutory rate in this instance. The request for fees in excess of the cap is accordingly rejected.

### III. Conclusion

For the reasons stated above, the plaintiff's motion for leave to supplement the record is denied. The Court rejects the Magistrate Judge's recommendation that hourly rates in excess of the EAJA statutory cap are warranted in this instance. The report and recommendation is otherwise adopted. The plaintiff's application for an award of fees and costs is granted in part and denied in part. The plaintiff, being entitled to attorney fees at the hourly rate of $125, is hereby awarded $3800 in attorney fees and $370 in costs.

IT IS SO ORDERED.

    /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 12 June 2013